UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX BOLDUC,

          Plaintiff,

vs.

GOGOTECH II LLC,

          Defendant.

**ANSWER**

Case No.:  1:22-CV-01311

Defendant Gogotech II LLC ("Gogotech"), by and through its attorneys, Woods Oviatt Gilman LLP, as and for an Answer to Plaintiff's Complaint, state as follows:

1. With respect to Paragraph 1 of the Complaint, this paragraph alleges no facts and no response is required.

## JURISDICTION AND VENUE

2. With respect to Paragraph 2 of the Complaint, this paragraph contains legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the allegations contained therein.

3. With respect to Paragraph 3 of the Complaint, this paragraph contains legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the allegations contained therein.

## THE PARTIES

4. With respect to Paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies said allegations.

5. With respect to Paragraph 5 of the Complaint, Defendant admits the allegations.

6. With respect to Paragraph 6 of the Complaint, Defendant admits the allegations.

## FACTUAL ALLEGATIONS

7. With respect to Paragraph 7 of the Complaint, Defendant denies the allegations.

8. With respect to Paragraph 8 of the Complaint, Defendant admits the allegations except denies the allegations with respect to times when Plaintiff worked remotely.

9. With respect to Paragraph 9 of the Complaint, Defendant admits only that Plaintiff was promoted while employed by Defendant but denies the remaining allegations.

10. With respect to Paragraph 10 of the Complaint, Defendant admits the allegations.

11. With respect to Paragraph 11 of the Complaint, Defendant denies the allegations as stated but admits that Plaintiff requested bonding leave during a portion of October 2021.

12. With respect to Paragraph 12 of the Complaint, Defendant admits the allegations.

13. With respect to Paragraph 13 of the Complaint, Defendant denies the allegations as stated but admits that Plaintiff was approved for FMLA leave during a portion of October 2021.

14. With respect to Paragraph 14 of the Complaint, Defendant denies the allegations as stated but admits that Defendant terminated Plaintiff's employment effective November 12, 2021 when his position was eliminated.

15. With respect to Paragraph 15 of the Complaint, Defendant admits the allegations.

16. With respect to Paragraph 16 of the Complaint, Defendant admits the allegations.

17. With respect to Paragraph 17 of the Complaint, Defendant denies the allegations.

## FIRST CAUSE OF ACTION

18. With respect to Paragraph 18 of the Complaint, Defendant repeats and realleges their responses to all prior paragraphs as if fully set forth herein.

19. With respect to Paragraph 19 of the Complaint, this paragraph contains legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the allegations contained therein.

20. With respect to Paragraph 20 of the Complaint, Defendant admits the allegations.

21. With respect to Paragraph 21 of the Complaint, this paragraph contains legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies the allegations contained therein.

22. With respect to Paragraph 22 of the Complaint, Defendant admits the allegations.

23. With respect to Paragraph 23 of the Complaint, Defendant denies the allegations as stated and admits only that Plaintiff's position was eliminated effective November 12, 2021, after his approved FMLA leave had concluded.

24. With respect to Paragraph 24 of the Complaint, Defendant denies the allegations.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. Upon information and belief, Plaintiff's claims, if any, are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred because at all times, Defendant acted in good faith and without discriminatory or retaliatory intent to ensure compliance with applicable federal, state or local statutes or regulations, and it has been Defendant's policy to comply with any applicable law and regulations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. Defendant's alleged conduct was not malicious, egregious, undertaken in bad faith or in willful or reckless indifference to Plaintiff's legal rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29. At all times, Defendant acted in good faith and without discriminatory or retaliatory intent and all employment decisions were properly based upon legitimate non-discriminatory and non-retaliatory reasons, and were not violations of any federal or state statutes.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30. Defendant's decision to eliminate Plaintiff's position was not in any way related to Plaintiff taking approved FMLA leave.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

31. There is no causal connection between any adverse employment action and any activity protected by the FMLA.

32. Defendant will rely upon all affirmative defenses that become available during discovery or trial and reserves the right, upon completion of investigation and discovery, to amend or supplement the affirmative defenses contained herein as may be appropriate.

**WHEREFORE,** Defendant Gogotech II LLC respectfully requests judgment as follows:

A. Dismissing the Complaint of Plaintiff herein with prejudice and awarding all applicable costs and disbursements to Defendant, as well as attorney's fees;

B. Awarding such other relief as this Court may deem just and proper.


Dated: April 18, 2022                                          WOODS OVIATT GILMAN LLP

                                                      By:    /s/ John C. Nutter, Esq.
                                                             John C. Nutter, Esq.
                                                             *Attorneys for Defendant*
                                                             1900 Bausch & Lomb Place
                                                             Rochester, New York 14604
                                                             585-987-2800


To:    THE GOLDRING FIRM
       Orit Goldring, Esq.
       *Attorneys for Plaintiff*
       40 Fifth Avenue
       New York, NY 10011
       212.844.9308